MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
RAUL SALDANA VILLANUEVA AND ANDRES ZAMORA RAMIREZ , *individually and on behalf of others similarly situated,*

*Plaintiffs,*

-against-

179 THIRD AVENUE REST INC. (d/b/a MUMBLES ), 603 SECOND AVE CORP. (d/b/a BENJAMIN'S RESTAURANT & BAR), DAVID FELDMAN, MICHAEL FELDMAN, MARTIN MARKOWITZ, ROBIN GROSSMAN, JOSEPH PRESS, and ROBERT PRESS,

*Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Raul Saldana Villanueva and Andres Zamora Ramirez, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against 179 Third Avenue Rest Inc. (d/b/a Mumbles), 603 Second Ave Corp. (d/b/a Benjamin's Restaurant & Bar) ("Defendant Corporations"), David Feldman, Michael Feldman, Martin Markowitz, Robin

Grossman, Joseph Press and Robert Press("Individual Defendants"), (collectively, "Defendants"),, allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs are former employees of defendants 179 Third Avenue Rest Inc. (d/b/a Mumbles), 603 Second Ave Corp. (d/b/a Benjamin's Restaurant & Bar), David Feldman, Michael Feldman Martin Markowitz, Robin Grossman, Joseph Press, and Robert Press.

2. Defendants own, operate, or control two restaurants, one of which was located at 179 Third Avenue, New York, New York 10003under the name Mumbles and the other was located at 603 Second Avenue, New York, New York 10016 under the name Benjamin's Restaurant & Bar.

3. Upon information and belief, individual defendants David Feldman, Michael Feldman, Martin Markowitz, Robin Grossman, Joseph Press, and Robert Press, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4. Plaintiffs were employed as a food preparer and ostensibly as a delivery worker. However, the delivery worker was required to spend a considerable part of his work day performing non-tipped, non-delivery duties, including but not limited to various restaurant duties such as working as a porter, cleaning the stations in which containers were placed, making juices and muffins, cutting bread, cleaning tables outside, cutting vegetables, cleaning shrimp, bringing

soda and other drinks from the basement refilling the refrigerators and cleaning the refrigerator and the bar hereafter the “non-tipped, non-delivery duties”).

5. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that they worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiffs the required “spread of hours” pay for any day in which they had to work over 10 hours a day.

8. Defendants employed and accounted for Plaintiff Saldana as a delivery worker in their payroll, but in actuality Plaintiff Saldana’s duties required a significant amount of time spent in non-tipped, non-delivery duties.

9. Regardless, at all relevant times, Defendants paid Plaintiff Saldana at a rate that was lower than the required tip-credit rate.

10. In addition, under state law, Defendants were not entitled to take a tip credit because Plaintiff Saldana’s non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

11. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Saldana’s actual duties in payroll records by designating him as a delivery worker instead of non-tipped employee. This allowed Defendants to avoid paying Plaintiff Saldana at the minimum wage rate and enabled them to pay him at the lower tip-credited rate(which they still failed to-do).

12. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

13. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

15. Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

17. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district,

Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two restaurants located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

18. Plaintiff Raul Saldana Villanueva ("Plaintiff Saldana" or "Mr. Saldana") is an adult individual residing in Bronx County, New York. Plaintiff Saldana was employed by Defendants at Mumbles from approximately 2007 until on or about January 25, 2016.

19. Plaintiff Andres Zamora Ramirez ("Plaintiff Zamora" or "Mr. Zamora") is an adult individual residing in Bronx County, New York. Plaintiff Zamora was employed by Defendants at Mumbles from approximately May 2001 until on or about January 25, 2016 and at Benjamin's Restaurant & Bar from approximately January 2016 until on or about October 16, 2016.

*Defendants*

20. At all relevant times, Defendants owned, operated, or controlled two restaurants one of which was located at 179 Third Avenue, New York, New York 10003 under the name "Mumbles" and the other one was located at 603 Second Avenue, New York, New York 10016 under the name "Benjamin's Restaurant & Bar".

21. Upon information and belief, 179 Third Avenue Rest Inc. (d/b/a Mumbles) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 179 Third Avenue, New York, New York 10075.

22. Upon information and belief, 603 Second Ave Corp. (d/b/a Benjamin's Restaurant & Bar) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principal place of business at 603 Second Avenue, New York, New York 10016.

23. Defendant David Feldman is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David Feldman is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations. Defendant David Feldman possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24. Defendant Michael Feldman is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Feldman is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations. Defendant Michael Feldman possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25. Defendant Martin Markowitz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Martin Markowitz is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations.

Defendant Martin Markowitz possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26. Defendant Robin Grossman is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Robin Grossman is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations. Defendant Robin Grossman possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27. Defendant Joseph Press is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joseph Press is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations. Defendant Joseph Press possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28. Defendant Robert Press is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Robert Press is sued

individually in his capacity as owner, officer and/or agent of the Defendant Corporations. Defendant Robert Press possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29. Defendants operated two restaurants located in the midtown East section of Manhattan in New York City.

30. The individual defendants, David Feldman, Michael Feldman, Martin Markowitz, Robin Grossman, Joseph Press, and Robert Press, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

31. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33. Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35. Upon information and belief, individual defendants David Feldman, Michael Feldman Martin Markowitz, Robin Grossman, Joseph Press, and Robert Press, operated Defendant Corporations as either as alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a. failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b. defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c. transferring assets and debts freely as between all Defendants,

d. operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e. operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f. intermingling assets and debts of their own with Defendant Corporations,

g. diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h. Other actions evincing a failure to adhere to the corporate form.

36. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

37. In each year, from 2010 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

39. Plaintiffs are former employees of Defendants who were employed as a food preparer and ostensibly as a delivery worker. However, the delivery worker spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

40. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Raul Saldana Villanueva*

41. Plaintiff Saldana was employed by Defendants from approximately 2007 until on or about January 25, 2016.

42. Defendants ostensibly employed Plaintiff Saldana as a delivery worker.

43. However, Plaintiff Saldana also was required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

44. Although Plaintiff Saldana ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-delivery work throughout his employment with Defendants.

45. Plaintiff Saldana regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46. Plaintiff Saldana's work duties required neither discretion nor independent judgment.

47. Throughout his employment with Defendants, Plaintiff Saldana regularly worked in excess of 40 hours per week.

48. From approximately November 2010 until on or about January 2016, Plaintiff Saldana worked as a delivery worker from approximately 5:00 p.m. until on or about 10:30 p.m. Thursdays through Tuesdays (typically 33 hours per week).

49. However, for a period of approximately one year during the same period of time( From approximately November 2010 until on or about January 2016), Plaintiff Saldana worked as a delivery worker from approximately 5:00 p.m. until on or about 10:30 p.m. and as a porter from approximately 12:00 a.m. until on or about 10:00 a.m. Thursdays through Tuesdays (typically 93 hours per week).

50. Throughout his employment, defendants paid Plaintiff Saldana his wages in a combination of check and cash.

51. From approximately November 2010 until on or about2013, defendants paid Plaintiff Saldana $4.00 per hour.

52. From approximately 2013 until on or about December 2015, defendants paid Plaintiff Saldana $5.00 per hour.

53. From approximately January 1, 2016 until on or about January 25, 2016, defendants paid Plaintiff Saldana $7.50 per hour.

54. Plaintiff Saldana's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

55. For example, Defendants required Plaintiff Saldana to work an additional 30 minutes past his scheduled departure time every day, and did not pay him for the additional time he worked.

56. Defendants did not grant Plaintiff Saldana any breaks or meal periods of any kind.

57. Plaintiff Saldana was never notified by Defendants that his tips were being included as an offset for wages.

58. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Saldana's wages.

59. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Saldana regarding overtime and wages under the FLSA and NYLL.

60. Defendants did not provide Plaintiff Saldana an accurate statement of wages, as required by NYLL 195(3).

61. Instead, defendants provided Plaintiff Saldana pay stubs falsely showing that he only worked 40 hours a week and that he made $5.00 per hour when he was actually only making $4 per hour.

62. Defendants did not give any notice to Plaintiff Saldana, in English and in Spanish (Plaintiff Saldana's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63. Defendants required Plaintiff Saldana to purchase "tools of the trade" with his

own funds—including a helmet and a set of two lights.

*Plaintiff Andres Zamora Ramirez*

64. Plaintiff Zamora was employed by Defendants at Mumbles from approximately May 2001 until on or about January 25, 2016 and at Benjamin's Restaurant & Bar from approximately January 2016 until on or about October 16, 2016.

65. Defendants employed Plaintiff Zamora as a food preparer and delivery worker.

66. Plaintiff Zamora regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

67. Plaintiff Zamora's work duties required neither discretion nor independent judgment.

68. Throughout his employment with Defendants, Plaintiff Zamora regularly worked in excess of 40 hours per week.

69. From approximately November 2010 until on or about January 2016, Plaintiff Zamora worked at Mumbles from approximately 7:00 a.m. until on or about 5:00 p.m. four days a week and from approximately 7:00 a.m. until on or about 6:00 p.m. or 7:00 p.m. two days a week (typically 62 to 64 hours per week).

70. From approximately January 2016 until on or about October 16, 2016, Plaintiff Zamora worked at Benjamin's Restaurant & Bar from approximately 7:00 a.m. until on or about 9:00 p.m. Mondays and Tuesdays, from approximately 7:00 a.m. until on or about 5:00 p.m. Wednesdays, Thursdays and Fridays and from approximately 12:00 a.m. until on or about 10:00 a.m. on Sundays (typically 68 hours per week).

71. At all relevant times, Plaintiff Zamora was paid his wages in a combination of check and cash.

72. From approximately November 2010 until on or about October 2016, defendants paid Plaintiff Zamora $10.00 per hour.

73. Defendants never granted Plaintiff Zamora a meal break or rest period of any kind.

74. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Zamora regarding overtime and wages under the FLSA and NYLL.

75. Defendants did not provide Plaintiff Zamora an accurate statement of wages, as required by NYLL 195(3).

76. Instead, defendants provided Plaintiff Zamora pay stubs falsely showing that he only worked 40 hours a week.

77. Defendants did not give any notice to Plaintiff Zamora, in English and in Spanish (Plaintiff Zamora's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

78. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay and overtime compensation as required by federal and state laws.

79. Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

80. Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

81. Defendants habitually required Plaintiff Saldana to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

82. Defendants required all delivery workers, including Plaintiff Saldana, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

83. Plaintiff Saldana, and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-delivery, non-tipped duties.

84. Plaintiff Saldana and all other delivery workers were paid at a rate that was lower than the lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because the delivery worker's and Plaintiff Saldana's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

85. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

86. The delivery workers', including Plaintiff Saldana's , duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

87. In violation of federal and state law as codified above, Defendants classified Plaintiff Saldana and other delivery workers as tipped employees, and paid them at a rate that was lower than the tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

88. Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

89. Defendants failed to inform Plaintiffs that their tips were being credited towards the payment of the minimum wage.

90. Defendants failed to maintain a record of tips earned by Plaintiff Saldana for the deliveries he made to customers.

91. Plaintiffs were paid their wages in a combination of check and cash.

92. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

93. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

94. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

95. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

96. Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

97. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

98. Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

99. At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

100. At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

101. The claims of Plaintiffs stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)**

102. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

104. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

105. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

106. In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

107. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

108. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

109. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

111. Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

112. Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

113. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

115. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

116. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

117. Plaintiffs were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)**

118. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

120. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

121. Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)**

122. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

124. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

125. Plaintiffs were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)**

126. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

128. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)**

129. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

130. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

131. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

132. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

133. Defendants required Plaintiff Saldana to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his jobs, such as helmets, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

134. Plaintiff Saldana was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective

collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f) Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l) Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(m) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
November 11, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ Michael Faillace

Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com


November 2, 2016

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Raul Saldana Villanueva

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: ____________________

Date / Fecha: 02 de noviembre de 2016

Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 31, 2016

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: **Andres Zamora Ramirez**

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: [signature]

Date / Fecha: 31 de octubre de 2016