UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Villanueva, et al.,

    Plaintiffs,

–v–

179 Third Avenue Rest Inc., et al.,

    Defendants.

16-cv-8782 (AJN)

MEMORANDUM
OPINION AND ORDER

ALISON J. NATHAN, District Judge:

On November 11, 2017, Plaintiffs filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 19 §§ 190 and 650 *et seq. See* Dkt. No. 2. On May 16, 2018, Plaintiffs informed the Court that they had reached a settlement with Defendant David Feldman. *See* Dkt. No. 94. On June 29, 2018, Plaintiffs submitted a proposed settlement for the Court's approval, *see* Dkt. No. 102, Ex. 1, along with a letter explaining their views on the fairness of the settlement, *see* Dkt. No. 102. The settlement agreement provides for a total settlement amount of $50,000, including attorneys' fees and costs. According to the letter, Plaintiffs will receive $33,000 of the settlement payment, distributed "pro rata...based on their alleged damages." *Id.* Plaintiffs' counsel is seeking attorneys' fees and costs in the amount of $17,000, or 34 percent of the total settlement amount. *Id.*

Although the Court has no reason to conclude that the proposed settlement agreement is unfair to Plaintiffs, the information submitted by the Plaintiffs is insufficient to permit the Court to approve the agreement, as detailed below. In addition, the Court cannot approve the settlement's Release and Covenant Not To Sue ("Release") in its current form. The Court thus

1

denies approval of the settlement but invites the parties to address the concerns detailed in this Order and submit a revised agreement and supporting letter.

**I.    Legal Standard**

In order to serve FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). As a result of this requirement, the Plaintiff's claims in this case cannot be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A "fair and reasonable" settlement is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-CV-7002 (KMW) (JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotation marks omitted).

In order to fully evaluate the fairness of a proposed settlement, the Court must receive sufficient information from the parties as to "the bona fides of the dispute." *Id.* at *1 (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)). At a minimum, the Court thus must receive information describing "the nature of plaintiffs' claims, . . . the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, the bases of estimates of plaintiffs' maximum possible recovery, the probability of plaintiffs' success on the merits, and evidence supporting any requested fee award." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015). In evaluating the parties' proposed settlement, the Court will assess (1) the sufficiency of the information presented to the

Court supporting the settlement amount; (2) the scope of the Release; and (3) the information provided in support of the proposed award of fees and costs.[1]

**Discussion**

**A. The Sufficiency of the Information Presented to the Court**

First, the Court finds that the information presented to the Court is insufficient. Though the Court ordered the parties to submit a joint letter explaining why the settlement should be approved, *see* Dkt. No. 95, the letter submitted with the proposed settlement is on behalf of Plaintiffs only, *see* Dkt. No. 102. Plaintiffs' letter reiterates that under their initial allegations, the estimated maximum recovery for unpaid wages was $940,381.23. *See id.* Plaintiffs provide appropriate documentation to support this estimate. *See* Dkt. No. 102, Ex. 3. In contrast, there is no discussion of Defendant's understanding of what Plaintiffs' are owed, nor is there an indication that Defendant contests Plaintiffs' estimate.

Plaintiffs do explain that "Defendant Feldman raised...very credible and imminent collectability issues based on the fact that he no longer owns the restaurants in question...and he filed for Chapter 11 bankruptcy protection." Dkt. No. 102. Obstacles to collection may justify a reasonable settlement for an amount less than the maximum amount Plaintiffs might have recovered otherwise. *See, e.g., Lligiochuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y 2013) ("Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable."). However, the proposed settlement amount here is a mere 5.32 percent of the estimated maximum recovery. *Cf Larrea v. FPC Coffees Realty Co., Inc.*, No. 15-CV-1515 (RA), 2017 WL 1857256 at *2 (S.D.N.Y. May 5, 2017) (approving a

---

[1] The Court also notes that there is a discrepancy in the dollar amount authorized in the Affidavit of Confession of Judgment submitted with the Proposed Settlement Agreement. *See* Dkt. No. 102, Ex. 1 (authorizing entry of judgment "for the sum of Seventy Five Thousand Dollars and No Cents ($100,000), less any payments made under the Settlement Agreement").

3

settlement amount of approximately 61 percent of maximum recovery where Plaintiffs faced significant barriers to recovery); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at 21 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximate 25 percent of maximum recovery where the joint letter indicated a "lack of documentation and conflicting witness support" (internal quotation marks omitted)). Given the paucity of information in Plaintiffs' letter, the Court is unable to determine whether it is reasonable under the circumstances for Plaintiffs to accept such a small portion of what they allege they are owed. The parties are ordered to submit a more detailed discussion of the considerations described in *Wolinsky*, 900 F. Supp. 2d at 335-36.

### B. The Release

Second, the settlement agreement, in its current form, includes a general release of claims that is too broad for the Court to approve. Generally, a FLSA settlement cannot offer the defendant a release from liability that would "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Cheeks*, 796 F.3d at 206 (quoting *Lopez*, 96 F. Supp. 3d at 181); *see also Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014). Here, the settlement agreement states that Plaintiffs:

> [H]ereby irrevocably and unconditionally release from and forever discharges and covenant not to sue Defendant Feldman only, for any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent...which each Plaintiff at any time has, had, claims or claimed to have against Defendant Feldman that have occurred as of the Effective Date of this Agreement.

Dkt. No. 102, Exhibit 1. This release is not limited in any way to claims related to the issues in the case, and is thus overly broad.

Though the Proposed Settlement contains an equally broad provision releasing Plaintiffs from liability, mutuality does not necessarily justify an overbroad release. *See, e.g.,Gurung v.*

4

*White Way Threading LLC*, No. 16-CV-1795 (PAE), 2016 WL 7177510, at 21 (S.D.N.Y. Dec. 8, 2016) ("The fact that the general release is styled as mutual, although favoring the settlement, does not salvage it, absent a sound explanation for how this broad release benefits the plaintiff employee."). This Court has previously expressed its reluctance to "countenance employers using FLSA settlements to erase all liability whatsoever in exchange for…payment of wages allegedly required by statute." *Flores-Mendieta v. Bitefood Ltd.*, No. 15-cv-4997, 2016 WL 1626630, at *2 (S.D.N.Y. April 21, 2016) (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 181). The parties should resubmit the settlement with a narrower release. In the alternative, they may provide justification, including citations to relevant case-law, to support the breadth of the current release.

### C. Attorneys' Fees and Costs

Finally, the Court finds that the information submitted is sufficient to support the request for attorneys' fees and costs, so long as the total settlement amount is determined to be reasonable. Plaintiffs' counsel requests $17,000 in fees plus costs. *See* Dkt. No. 102. While $17,000 is slightly more than one third of the total settlement (34 percent), the fees net costs constitute less than one third of the settlement net costs. *See Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667 (PAE), 2015 WL 5122530, at *1 & n.1 (S.D.N.Y. Aug. 31, 2015) (expressing the Court's "view that attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs"). Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases. *See Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (collecting cases)). Additionally, the lodestar in this case, as supported by detailed billing records, is $19,430, *see* Dkt. No. 102, Ex. 2, resulting in a lodestar multiplier of less than one. As a result,

the Court need not assess the reasonableness of the rates charged, and finds the request for attorneys' costs and fees presumptively reasonable.

## II. Conclusion

In sum, the Court cannot approve the settlement as currently proposed and without the additional information requested. The parties are hereby ordered to meet and confer about the settlement and to file a revised settlement proposal, consistent with this order, on or before July 27, 2018.

SO ORDERED.

Dated: July 12, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge