UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: AUG 28 2018

Villanueva, et al.,

    Plaintiffs,

—v—

179 Third Avenue Rest Inc., et al.,

    Defendants.

16-cv-8782 (AJN)

MEMORANDUM
OPINION AND ORDER

ALISON J. NATHAN, District Judge:

On November 11, 2017, Plaintiffs filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 19 §§ 190 and 650 *et seq. See* Dkt. No. 2. On May 16, 2018, Plaintiffs informed the Court that they had reached a settlement with Defendant David Feldman. *See* Dkt. No. 94. On June 29, 2018, Plaintiffs submitted a proposed settlement for the Court's approval, *see* Dkt. No. 102, Ex. 1, along with a letter explaining their views on the fairness of the settlement, *see* Dkt. No. 102. The settlement agreement provided for a total settlement amount of $50,000, including attorneys' fees and costs.

On July 12, 2018, the Court denied approval of the settlement. *See* Dkt. No. 103. Although the Court had no reason to conclude that the proposed settlement agreement was unfair, the information submitted as to fairness was insufficient, and the settlement's Release and Covenant Not To Sue was too broad. The Court invited the parties to submit a revised agreement and supporting letter to cure the defaults noted in its Order. On August 17, 2018 Defendant Feldman submitted a letter with the requested supplemental information in addition to

1

a stipulation amending the terms of the Release. Dkt. No. 110. For the reasons provided below, the Court now approves the settlement agreement and terms of the release.

## I. Legal Standard

In order to serve FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). A Plaintiff's FLSA claims therefore cannot be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A "fair and reasonable" settlement is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-CV-7002 (KMW) (JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotation marks omitted).

To evaluate the fairness of a proposed settlement, the Court must receive sufficient information from the parties as to "the bona fides of the dispute." *Id.* at *1 (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)). At a minimum, the Court must receive information describing "the nature of plaintiffs' claims, . . . the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, the bases of estimates of plaintiffs' maximum possible recovery, the probability of plaintiffs' success on the merits, and evidence supporting any requested fee award." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015).

## Discussion

### A. The Sufficiency of the Information Presented to the Court

2

First, the Court finds that the additional information submitted by Defendant Feldman is sufficient to support a conclusion that the agreement is reasonable. In its July 12, 2018, Order, the Court acknowledged that "[o]bstacles to collection may justify a reasonable settlement for an amount less than the maximum amount Plaintiffs might have recovered otherwise." Dkt. No. 103 at 3 (citing *Lligiochuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y 2013) ("Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable."). However, Plaintiffs initially provided limited information to justify a recovery amount of less than six percent of estimated maximum recovery. *See* Dkt. No. 102 (explaining that Defendant Feldman "no longer owns the restaurants in question" and had filed for bankruptcy protection). In his August 17, 2018 letter, Defendant Feldman confirms that "the likelihood of recovering any significant sum" from him, one of eight named defendants in the case, "is very unlikely" due to financial constraints. Dkt. No. 110. Defendant also provides details of his financial situation and a description of the bargaining process between the parties. *Id.* ("Plaintiffs…have advised that they will not agree to any settlement of less than the $50,000."). Therefore, though Defendant Feldman does not present an alternative estimate of maximum recovery, the weight of the obstacles to such recovery "militates in favor of finding [the] settlement reasonable." *Lligiochuzhca*, 948 F. Supp. 2d at 365.

### B. The Release

Second, the stipulated amendment to the terms of release adequately address the Court's concern about the overbreadth of the previous terms. As the Court noted, a FLSA settlement cannot offer the defendant a release from liability that would "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." Dkt. No. 103 at 4 (quoting *Cheeks*, 796 F.3d at 206 (quoting *Lopez*, 96 F. Supp. 3d at 181). The original settlement agreement required that

3

Plaintiffs waive "any and all charges ...of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent...which each Plaintiff at any time has, had, claims or claimed to have against Defendant Feldman that have occurred as of the Effective Date of this Agreement." This is precisely the type of general release that would allow an employer "to erase all liability whatsoever in exchange for...payment of wages allegedly required by statute." *Flores-Mendieta v. Bitefood Ltd.*, No. 15-cv-4997, 2016 WL 1626630, at *2 (S.D.N.Y. April 21, 2016) (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 181).

The amended terms, on the other hand, limit Plaintiffs' waiver to claims "arising from the past employment relationship between the Plaintiffs and Defendant Feldman." Though this waiver may encompass claims other than wage-and-hour violations, it is more limited temporally and in scope than the sweeping general releases that the Court has previously declined to approve. *See Flores-Mendieta*, 2016 WL 1626630 at *2 (rejecting waiver of any and all "causes of action of any nature whatsoever"). Some courts have rejected release provisions that "extend[] beyond the claims at issue" in the case itself. *See, e.g.*, *Bukhari v. Senior*, No. 16-cv-9249 (PAE) 2018 WL 559153 (S.D.N.Y. Jan. 23, 2018) (rejecting as overbroad a waiver of release under which parties agreed to waive all claims "arising from or concerning in any way [Plaintiff's] employment by or association with Defendants"). While there may be circumstances in which a release of all claims arising out of a past employment relationship is the product of unequal bargaining power, the information before the Court does not suggest that is the case here. *See* Dkt. No. 110 at 2 (describing Defendant Feldman's dire financial straits and limited resources for continued litigation). Therefore, in light of the particular circumstances of this case, the Court concludes that the amended release is part of a fair and reasonable agreement.

### C. Attorneys' Fees and Costs

Finally, as the total settlement amount is determined to be reasonable, the Court also approves the request for attorneys' fees as costs for the reasons set forth in its July 12, 2018 Order. *See* Dkt. No. 103 at 5-6 (finding the fees presumptively reasonable because requested fees were less than one third of the total settlement amount and the lodestar multiplier was less than one).

## II. Conclusion

The Court approves the settlement agreement as amended. The parties are directed to notify the Court when the bankruptcy court has completed its review.

SO ORDERED.

Dated: August 28, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge