UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SEP 3 0 2019

Raul Saldana Villanueva, et al.,

Plaintiffs,

—v—

179 Third Avenue Rest Inc., et al.,

Defendants.

16-cv-8782 (AJN)

OPINION AND ORDER

ALISON J. NATHAN, District Judge:

Plaintiffs[1] are former employees of two corporate Defendants in this action, 179 Third Avenue Rest Inc. and 603 Second Ave Corp., that formerly did business as the restaurants Mumbles and Benjamin's Restaurant & Bar respectively. Plaintiffs initiated this action against these corporate Defendants, as well as six individual Defendants, alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Before the Court is Plaintiffs' motion for default judgment against the corporate Defendants and Plaintiffs' counsel's request for fees. For the reasons that follow, Plaintiffs' motion is GRANTED, and the Court enters judgment as to the liability of the corporate Defendants. The Court refers the matter to the Magistrate Judge for an inquest to ascertain damages and fees.

I.  BACKGROUND

A. Factual Background

---

[1] The fourteen individual Plaintiffs in this case are Raul Saldana Villanueva, Andres Zamora Ramirez, Julio Alvarez Vargas, Efrain Rosas, Francisco Rosendo, George Sanchez Galindo, Jose Patricio Sanchez Rosas, Miguel Cuautle Ocelotl, Zeferino Baltazar, Esteban Herrera, Jesus Herrera, Bladimir Vazquez Solis, Dionisio Florencio Perez Marana, and Luis Fernando Tlaltepec-Perez.

1

Plaintiffs were employed by the corporate Defendants at their restaurants Mumbles and Benjamin's Restaurant & Bar for various periods from as early as 1989 to October 2016. Am. Compl. (Dkt. No. 65) ¶¶ 2, 19–32. They were employed to work as line cooks, food preparers, salad makers, dishwashers, grill men, porters, food runners, busboys, and delivery men. *See Id.* ¶¶ 55–56; 78; 91; 114; 130; 144; 172; 193; 217; 233; 248; 261; 281; 300. Plaintiffs primarily allege that during this time they were regularly underpaid by the corporate Defendants, who failed to pay them minimum and overtime wages as required by the FLSA and NYLL. *See, e.g., Id.* ¶ 15. They also allege that the corporate Defendants failed to pay them the spread of hours compensation mandated by the NYLL and did not comply with that statute's notice, recordkeeping, and wage statement provisions. *See, e.g., id.*

## B. Procedural Background

On November 14, 2016, Raul Saldana Villanueva and Andres Zamora Ramirez filed their Complaint against the corporate and individual Defendants alleging FLSA and NYLL minimum wage, overtime, and "tools of the trade" claims. Compl. (Dkt. No. 2) ¶¶ 102–121, 132–134. They further alleged violations of the NYLL's spread of hours, notice and recordkeeping, and wage statement provisions. Compl. ¶¶ 122–131. The corporate defendants were both served with the Complaint on December 21, 2016. Dkt. No. 19, 20. Neither party had answered or otherwise responded to the Complaint by September 11, 2017, when Plaintiffs filed their Amended Complaint. The Amended Complaint added 12 new Plaintiffs, as well as an additional claim that Defendants unlawfully deducted from tips in violation of the NYLL. Am. Compl. ¶¶ 376–381.

On October 24, 2017, the case was stayed pending resolution of bankruptcy proceedings related to the only appearing individual Defendant. Dkt. No. 82. This stay was lifted on May

22, 2018, at which point the appearing individual Defendant entered into settlement with the Plaintiffs. Dkt. No. 95. On June 1, 2018, the Court granted Plaintiffs an extension of time to serve the Amended Complaint on the remaining Defendants, Dkt. No. 97, a copy of which was served on the corporate Defendants on June 6, 2018. Dkt. No. 100, 101. To date, the corporate Defendants have neither answered nor otherwise responded to the Amended Complaint.

Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). On July 19, 2018, the Clerk of Court entered certificates of default with respect to both corporate Defendants. Dkt. No. 106, 107.

"The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop*, 645 F.3d at 128. On February 22, 2019, Plaintiffs filed the motion for default judgment against the corporate Defendants that is now before the Court.

## II. STATUTES OF LIMITATIONS

As a threshold matter, the Court considers the statutes of limitations applicable to Plaintiffs' FLSA and NYLL claims. The statute of limitations for FLSA claims is two years, or

three years if the FLSA violation was willful. 29 U.S.C. § 255(a). Because "a defendant's default, in itself, may suffice to support a finding of willfulness," Plaintiffs' FLSA claims are subject to a three-year statute of limitations. *See Elisama v. Ghzali Gourmet Deli Inc.*, 2016 WL 11523365, at *4 (S.D.N.Y. Nov. 7, 2016) (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 297 (E.D.N.Y. 2011)), *report and recommendation adopted*, 2018 WL 4908106 (S.D.N.Y. Oct. 10, 2018). The statute of limitations for NYLL claims is six years. N.Y. Lab. Law §§ 198(3), 663(3).

Though 12 of the 14 Plaintiffs were not added until the Complaint was amended on September 11, 2017, *see* Dkt. No. 65, the Court finds that their federal and state law claims relate back to the original filing on November 14, 2016, Dkt. No. 2, because they relate to the same conduct, transactions, or occurrences described in the original complaint; Defendants were on notice of their claims both by virtue of the fact that they are nearly identical to those alleged in the original Complaint; because the original Plaintiffs initially sought to bring the action "on behalf of others similarly situated," "which suffices to provide defendants notice that other plaintiffs could join the action based on the same allegedly unlawful conduct," *Amaya v. Garden City Irrigation, Inc.*, 2008 WL 2940529, at *3 (E.D.N.Y. July 28, 2008); and all Plaintiffs are "united in interest." *See* Fed. R. Civ. P. 15(c); CPLR 203(f); *see also Amaya*, 2008 WL 2940529, at *3 (finding FLSA and NYLL claims of new plaintiffs related back to original filing); *Fazio Masonry, Inc. v. Barry, Bette & Led Duke, Inc.*, 23 A.D.3d 748, 749 (2005) (Under New York law, "[a] new party plaintiff may relate its claim back to an original complaint for statute of limitations purposes only if both claims arise out of the same transaction or occurrence and the new plaintiff and original plaintiff are so closely related or united in interest that the original claim would have given the defendant notice of the potential liability for the subsequent claim.").

Plaintiffs' claims are thus timely with respect to any FLSA violations that occurred on or after November 14, 2013 and any NYLL violations that occurred on or after November 14, 2010. Accordingly, to the extent the Court enters judgment as to the liability of the corporate Defendants, it does so only for FLSA violations that occurred on or after November 14, 2013 and NYLL violations that occurred on or after November 14, 2010.

### III. LIABILITY

On a default judgment motion, the defendant is deemed to have admitted all of the well-pleaded factual allegations contained in the complaint. Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013). However, "because a party in default does not admit conclusions of law," it is incumbent upon the Court to consider whether the plaintiff has pleaded facts sufficient to establish the defendant's liability with respect to each cause of action. *See Zhen Ming Chen v. Y Café Ave B Inc.*, 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019).

#### A. Minimum Wage and Overtime Claims

"To state an FLSA minimum wage or overtime compensation claim, a plaintiff must allege that she was the defendant's employee, that her work involved interstate activity, and that she worked an approximate number of hours for which she did not receive minimum or overtime wages." *Id.* at *2.

First, Plaintiffs' allegations are sufficient to establish an employment relationship for FLSA purposes. The Second Circuit "has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013). Accordingly, it has instructed that "the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts.'" *Id.* (quoting *Goldberg*

5

*v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)). This so-called "economic reality" test applies equally to employee and employer determinations. *Id.* With respect to determining whether an individual is an employee for FLSA purposes, "[t]he ultimate concern is whether, as a matter of economic reality, the workers depend upon someone else's business for the opportunity to render service or are in business for themselves." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988). There is likewise no "rigid rule for the identification of an FLSA employer." *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008). Rather, courts look to various factors to determine the degree of formal or functional control over a worker. *See id.* "Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA, since such limitations on control 'do[ ] not diminish the significance of its existence.'" *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). "An employee may simultaneously have multiple 'employers' for purposes of determining responsibility under the FLSA," and "joint employers . . . may be held jointly and severally liable for FLSA violations." *Lu Nan Fan v. Jenny & Richard's Inc.*, 2019 WL 1549033, at *5 (E.D.N.Y. Feb. 22, 2019), *report and recommendation adopted*, 2019 WL 1547256 (E.D.N.Y. Apr. 9, 2019).

Based on their positions and the tasks that they performed, Plaintiffs have sufficiently established that they "depend[ed] upon someone else's business for the opportunity to render service" and were *not* "in business for themselves." *Brock*, 840 F.2d at 1059. All Plaintiffs were employed by the corporate Defendants as either line cooks, food preparers, salad makers, dishwashers, grill men, porters, food runners, busboys, and delivery men. *See* Am. Compl. ¶¶ 2; 55–56; 78; 91; 114; 130; 144; 172; 193; 217; 233; 248; 261; 281; 300. Furthermore, their

6

responsibilities at work did not include discretion or independent judgment. *Id.* ¶¶ 59; 80; 93; 116; 132; 148; 176; 197; 219; 235; 250; 264; 284; 303. Accordingly, their allegations are sufficient to establish that they are employees for FLSA purposes.

The allegations contained in the Amended Complaint are also "sufficient to find that defendants were plaintiff[s'] joint 'employers' under the FLSA." *Lu Nan Fan*, 2019 WL 1549033, at *7. The corporate Defendants are two corporate entities that operate restaurants in Midtown East, Manhattan. Am. Compl. ¶ 42. The individual Defendants possess operational control and ownership interests in and control significant functions of both corporate Defendants. *Id.* ¶ 43. The corporate Defendants pay employees by the same method and share control over them. *Id.* ¶ 44. They control Plaintiffs' working conditions and set employment and compensation practices that apply to all Plaintiffs. *Id.* ¶ 45. These allegations are sufficient to establish that they jointly controlled Plaintiffs such that they were joint employers for FLSA purposes.

Second, Plaintiffs' allegations are sufficient to establish that their work involved interstate activities. "An employee is covered by the FLSA if she is 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Zhen Ming Chen*, 2019 WL 2324567, at *2 (citing 29 U.S.C. §§ 206(a), 207(a)(1)). An enterprise is engaged in commerce if its employees handle, sell, or otherwise work on "goods or materials that have been moved in or produced for commerce by any person; and . . . whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A). Plaintiffs allege that the corporate Defendants, both separately and jointly, had a gross annual volume of sales of at least $500,000, Am. Compl. ¶ 50, and that they were involved in interstate commerce, including by using goods on a daily basis that came from outside New York, *id.* ¶ 51.

7

Third, Plaintiffs have sufficiently established that they worked hours for which they did not receive minimum and overtime wages. A FLSA minimum wage claim arises when a plaintiff's "average hourly wage falls below the federal minimum wage." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 115 (2d Cir. 2013). "To state a FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Tackie v. Keff Enterprises LLC*, 2014 WL 4626229, at *3 (S.D.N.Y. Sept. 16, 2014). FLSA also requires that an employee be compensated for overtime at one and a half times the regular rate of pay for any hours worked over 40 in a week. 29 U.S.C. § 207(a)(1). Accordingly, "[t]o plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 199–201 (2d Cir. 2013).

"Plaintiffs have . . . attested to the number of hours they worked—including the number of overtime hours, and the amount for which they were compensated—which is sufficient to establish Defendants' liability for the FLSA minimum wage and overtime claims." *Yunjian Lin v. Grand Sichuan 74 St. Inc.*, 2019 WL 3409892, at *4 (S.D.N.Y. July 29, 2019). Plaintiffs' allegations sufficiently establish FLSA minimum wage violations with respect to Raul Saldana Villanueva, George Sanchez Galindo, Miguel Cuautle Ocelotl, Zeferino Baltazar, Bladimir Vazquez Solis, and Luis Fernando Tlaltepec-Perez. Am. Compl. ¶¶ 60–68; 149–161; 198–205; 220–227; 265–270; 304–308. They also sufficiently establish FLSA overtime violations with respect to Raul Saldana Villanueva, Andres Zamora Ramirez, Julio Alvarez Vargas, Efrain Rosas, George Sanchez Galindo, Jose Patricio Sanchez Rojas, Miguel Cuautle Ocelotl, Zeferino

8

Baltazar, Esteban Herrera, Jesus Herrera, and Dionisio Florencio Perez Marana. Am. Compl. ¶¶ 60–68; 81–85; 94–103; 117–124; 133–138; 149–161; 177–183; 198–205; 220–227; 236–241; 251–254; 285–290.

The Court finds that Plaintiffs' allegations are sufficient to establish minimum wage and overtime violations under the NYLL for the reasons already articulated above. Under the NYLL, the definition of employee and employer are nearly identical as those under the FLSA. N.Y. Lab. Law §§ 651(5)-(6); *Garcia v. Badyna*, 2014 WL 4728287, at *6 (E.D.N.Y. Sept. 23, 2014). Likewise, the NYLL's minimum wage and overtime provisions mirror those of the FLSA. *See Reyes v. Lincoln Deli Grocery Corp.*, 2018 WL 2722455, at *5–6 (S.D.N.Y. June 5, 2018); *see also* N.Y. Lab. Law § 652; N.Y. Lab. Law § 190 et seq.; 12 NYCRR § 142-2.2. Accordingly, the Court also finds that Plaintiffs' allegations are sufficient to establish the corporate Defendants' liability for NYLL minimum wage and overtime violations.

Under both the FLSA and NYLL, each Defendant is jointly and severally liable for any damages award made in Plaintiffs' favor. *See Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 685-86 (S.D.N.Y. 2011).

**B. Spread of Hours Claims**

Under New York law, when the spread of hours, i.e. the period of time worked in a given day, exceeds 10 hours, an employee must be paid "one hour's pay at the basic minimum hourly wage rate," in addition to his otherwise-required wages. N.Y. Comp. Codes R & Regs. tit. 12, § 142-2.4. Plaintiffs allegations sufficiently establish that all but Esteban Herrera and Bladimir Vazquez Solis are entitled to spread-of-hours compensation for days in which they worked a "spread of hours" in excess of ten and did not receive any additional compensation. Am. Compl. ¶¶ 62; 82–83; 95–96; 118; 134; 149–155; 178; 199–200; 221; 252; 285–287; 304.

### C. Notice, Recordkeeping, and Wage Statement Claims

The NYLL also requires employers to provide employees with a notice at the time of their hiring that sets forth, among other things, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, . . . ; the regular pay day . . . ; the name of the employer; . . . [and] the regular hourly rate and overtime rate of pay." *See* N.Y. Lab. Law § 195(1). It further provides that an employer must "furnish each employee with a statement with every payment of wages, listing . . . the dates of work covered by that payment of wages; . . . rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages." *See* N.Y. Lab. Law § 195(3). Plaintiffs' allegations sufficiently establish that they were not provided with the requisite notice and wage statements such that they are entitled to statutory damages for violations of the NYLL notice, recordkeeping, and wage statement provisions. *See* Am. Compl. ¶¶ 72–75; 87–89; 109–111; 126–128; 140–142; 167–169; 189–191; 211–214; 229–231; 242–245; 256–258; 276–278; 295–297; 313–315.

### D. Tools of the Trade and Unlawful Tip Deduction Claims

Because Plaintiffs do not seek default judgment on their tools of the trade and unlawful tip deduction claims, Dkt. No. 121-29 at 2—and indeed, do not offer any damage calculations for either of these claims, Dkt. No. 121-14—the Court dismisses these claims against the corporate Defendants.

## IV. DAMAGES

Having established liability, the "sole remaining issue before the court is whether the plaintiff has provided adequate support for the relief it seeks." *Bleecker v. Zetian Sys., Inc.*, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Rather, "to secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish her damages with reasonable certainty." *Tackie*, 2014 WL 4626229, at *1 (internal quotation marks omitted). In order to determine the damages owed, "[c]ourts often conduct an inquest hearing, but such a hearing is not required." *Reyes*, 2018 WL 2722455, at *2. "[Federal] Rule [of Civil Procedure] 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

In this case, the Court finds that it is necessary and proper to hold an inquest to ascertain damages because even a cursory review of Plaintiffs' proffered evidence reveals multiple errors on the face of their damages calculation. For example, with respect to plaintiff Efrain Rosas, $8.75 is used for the minimum wage rate for the December 31, 2013 to December 30, 2014 pay period, even though the minimum wage in New York City at that time was only $8.00. *See* Dkt. No. 121-14 at 1; *see also* N.Y. Lab. Law § 652. Likewise, the minimum wage rate underlying

plaintiff Jesus Herrera's damages calculation is incorrect for four separate pay periods. *See* Dkt. No. 121-14 at 2 (listing the minimum wage rate as $8.00 rather than $7.25 for the January 15, 2011 to April 9, 2011 pay period, as $8.75 rather than $7.25 for the for the two pay periods spanning April 10, 2011 to December 30, 2013, and as $8.75 rather than $8.00 for the December 31, 2013 to December 30, 2014 pay period); *see also* N.Y. Lab. Law § 652. Because they are based off incorrect minimum wage rates, the corresponding overtime rates for each of these pay periods is also incorrect. *See id.* at 1–2. These errors, and possibly others, infect Plaintiffs' entire damages calculation, and thus their "damages [cannot] be established by 'detailed affidavits and documentary evidence.'" *Tackie*, 2014 WL 4626229, at *1 (quoting *Tamarin*, 13 F.3d at 54). Accordingly, the Court refers this matter to the Magistrate Judge for an inquest to ascertain damages. The Court also refers Plaintiffs' counsel's request for fees and costs to the Magistrate Judge.

## V.    CONCLUSION

Plaintiffs' motion for default judgment is GRANTED. This resolves Dkt. No. 120. By separate order, this matter will be referred to the Magistrate Judge for an inquest to ascertain damages and to calculate attorneys' fees and costs.

SO ORDERED.

Dated: September 30, 2019
New York, New York

ALISON J. NATHAN
United States District Judge

12